USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL A.X. WALSH et al.,

                Plaintiffs,

-against-

PLANNED PARENTHOOD INTERNATIONAL et al.,

                Defendants.

1:23-cv-914 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of a second amended complaint, which was mailed directly to Chambers by the *pro se* Plaintiff. The amended complaint is undated, but post-marked September 26, 2023.

    As an initial matter, the *pro se* Plaintiff is admonished that **he may not send any materials directly to Chambers for any reason**. Pursuant to Rule 2.B.i of this Court's Individual Rules of Practice in Civil Cases, "[a]ll communications with the Court by a *pro se* party must be sent to the Pro Se Intake Office." Although the Plaintiff is *pro se*, "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995); *see also Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). Further failure to comply with an order or rule of this Court may result in sanctions, including monetary penalties or preclusion of claims. As an accommodation to the *pro se* Plaintiff, the Court has directed the Clerk of Court to file the second amended complaint on the docket. However, going forward, the Court will **not** docket any materials sent directly to Chambers by the Plaintiff.

    Further, in an Order dated August 8, 2023, the Court *sua sponte* granted Plaintiff leave to amend his complaint for the second time.[1] [ECF No. 7.] The Court directed Plaintiff to file any amended pleading by September 8, 2023. No amended complaint was filed. Instead, on September 6, 2023,

---

[1] Plaintiff filed a first amended complaint in February 2023. [ECF No. 3.]

Plaintiff filed a one-page, handwritten motion for default judgment with respect to Defendant Planned Parenthood. [ECF No. 10.] On September 27, 2023, Defendant Planned Parenthood filed a motion to dismiss the complaint. [ECF No. 11.]

Although the filing of the second amended complaint was untimely, in light of the special solitude afforded to *pro se* litigants, the Court will accept this filing as a second amended complaint. However, Plaintiff is on notice—as already explained in the August 8 Order—**that he will have no further opportunities to amend his pleading in light of the deficiencies raised in the pre-motion letter filed by Planned Parenthood**. Further, no further amended pleadings will be accepted from Plaintiff. Accordingly, Planned Parenthood's motion to dismiss is denied without prejudice as moot. Any amended motion to dismiss addressed to the second amended complaint must be filed on or before October 25, 2023. Plaintiff's opposition is due November 22, 2023. Any reply is due December 1, 2023.

Plaintiff's motion for default judgment is also denied. Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. First, the plaintiff must have the Clerk of Court "enter the [opposing] party's default" pursuant to Rule 55(a). *See* Fed. R. Civ. P. 55(a). Then, the party may move for a default judgment from the Court pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). The Clerk did not enter a certificate of default in this case and a default judgment may, therefore, not issue. *See* Fed. R. Civ. P. 55; *see also* Individual Rules of Practice in Civil Cases Attachment A.1. In any event, Plaintiff's motion fails to comply with this Court's Individual Rule of Practice 4.G. Among other things, the motion is not accompanied by a brief description of the nature of the claims, a description of the legal and factual basis for the Court's subject matter jurisdiction, a proposed form of judgment, a proposed order to show

cause, copies of the affidavits of service of summons and complaint, or a copy of the Clerk's Certificate of Default. *See* Individual Rules of Practice Attachment A.

In addition, in the August 8 Order, the Court noted that Plaintiff had not yet filed proof of service with respect to Defendants ACLU, the National Abortion Rights Action League, and The National Organization of Woman. [ECF No. 7.] The Court therefore directed Plaintiff to "serve those defendants and file proof of such service on the docket by August 25, 2023." The Court warned, in bold-faced text, that **"failure to file proof of service on the docket by August 25, 2023 will result in dismissal as to Defendants the ACLU, National Abortion Rights Action League, and The National Organization of Woman."** This case was commenced on February 3, 2023. Plaintiff has still not filed proof of service with respect to any of those Defendants. Accordingly, those Defendants are dismissed from this case.

## CONCLUSION

The Clerk of Court is respectfully requested to terminate ECF Nos. 10 and 11. The Clerk is further directed to terminate the case against Defendants ACLU, National Abortion Rights Action League, and The National Organization of Woman.

**SO ORDERED.**

**Date:   October 3, 2023**                   **MARY KAY VYSKOCIL**
      **New York, NY**                           **United States District Judge**