```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC #:_____
                                              DATE FILED: 9/24/2024
```

PAUL A.X. WALSH et al.,

                    Plaintiffs,

-against-

PLANNED PARENTHOOD INTERNATIONAL et al.,

                    Defendants.

1:23-cv-914 (MKV)

**OPINION & ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, proceeding *pro se*, brings this action seeking to "outlaw all abortions in America" [ECF No. 1 at 6] and one trillion dollars in damages [ECF Nos. 13, 20]. Planned Parenthood Federation of the America, Inc. and Planned Parenthood Global, Inc. (collectively, "Planned Parenthood") move to dismiss for failure to state a claim. For the reasons set forth below, the motion of Planned Parenthood is GRANTED, and this case is dismissed.

## I.    BACKGROUND

      In February 2023, Plaintiff Paul A. X. Walsh, proceeding *pro se*, filed the Original Complaint in this action seeking to "outlaw all abortions in America" [ECF No. 1 ("Cmpl.") at 6]. Plaintiff asserted that he was bringing the action on behalf of a number of purported "Class Action Plaintiffs," including "The Roman Catholic Church and its leader Pope Francis," "Cardinal Dolan of New York City," a number of houses of worship of various different religions, "Donald and Melania Trump and their . . . Children," "all Citizens of the United States of America," all other nations, and "One Trillion Nameless Abortion Victims since Roe v[.] Wade" was decided in 1973.[1] Cmpl. at 8. He named as defendants "Planned Parenthood International, [the] ACLU, National Abortion Rights Action League[,] and the National Organization of Woman [sic]." Cmpl. at 8.

---

[1] *See Roe v. Wade*, 410 U.S. 113 (1973), *overruled by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022).

The Original Complaint does not contain any factual allegations. It asserts that Plaintiff's injury is the "Death of 1 Trillion Babies." Cmpl. at 6. The Original Complaint further asserts: (1) "Abortion by the Abortion Pill is unconstitutional under [the] Supreme Court case Dobson v. Dorman 118 U.S. 10";[2] (2) Abortion is Unconstitutional under the First Amendment because it violates the unborn babies['] right to free speech and Religion"; and (3) "All Bill of Rights violated." Cmpl. at 9.

The same day he filed the Original Complaint, Plaintiff filed a "Consent To Electronic Service" [ECF No. 2 ("Consent To Electronic Service")]. The Consent To Electronic Service, which Plaintiff signed, states that Plaintiff "consent[s] to receive electronic service of notices and documents" in this case. It further states: "I understand that I must regularly review the docket sheet of my case so that I do not miss a filing." Consent To Electronic Service ¶ 5.

Shortly after filing the Original Complaint, and before any defendant had appeared, Plaintiff filed the Amended Complaint [ECF No. 3 ("AC")]. The Amended Complaint lists as plaintiffs Walsh and, as purported class action plaintiffs: "Saint Thomas More Church of which I am a Founding Member," Pope Francis, "the Good Shepard and the Catholic League of which I am a Donor." AC at 1. It lists the same defendants as the Original Complaint. AC at 1. The Amended Complaint repeats the assertions in the Original Complaint that abortion is unconstitutional and adds that "All abortions are unconstitutional under . . . Dobson v.Dorman [sic]." AC at 1. It does not contain any factual allegations. Unlike the Original Complaint, it does not purport to assert any injury suffered by Plaintiff. The Amended Complaint also attached a set of interrogatories. AC at 3.

Plaintiff later filed proof of service of the Amended Complaint on "PLANNED PARENTHOOD INTERNATIONAL" only [ECF No. 5]. Thereafter, counsel for "Planned Parenthood Federation of the America, Inc." and "Planned Parenthood Global, Inc." (collectively, "Planned Parenthood") filed a notice of appearance and a pre-motion letter requesting leave to file a motion to dismiss the Amended

---

[2] *See Dobson v. Dornan*, 118 U.S. 10 (1886) (upholding the validity of a patent that annexed a photograph instead of describing the design in question in words), *superseded by statute as stated in Samsung Elecs. Co. v. Apple Inc.*, 580 U.S. 53, 56 (2016).

Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim [ECF Nos. 6, 8]. In its pre-motion letter, Planned Parenthood stressed that the Amended Complaint "does not include any factual allegations whatsoever" [ECF No. 6].

In response to the pre-motion letter, the Court issued an Order granting Planned Parenthood leave to file a motion to dismiss and, *sua sponte*, granting Plaintiff leave to amend his pleading further before Planned Parenthood filed its contemplated motion to dismiss [ECF No. 7]. The Court set a deadline for Plaintiff to amend and warned:

> **Plaintiff is on notice that this will be his last opportunity to amend his pleading to remedy any deficiencies raised in Planned Parenthood's pre-motion letter. Plaintiff is also on notice that he must allege facts that establish his standing to sue, which means he must allege facts showing that (1) he personally suffered an injury, (2) which is traceable to conduct by the defendants and (3) which this Court can redress.**

[ECF No. 7 at 1 (emphasis in original)].

In the same Order, the Court also explained that Plaintiff had not filed proof of service on the other defendants named in the Amended Complaint. As such, the Court set a deadline for Plaintiff to serve, and file proof of service on, the ACLU, National Abortion Rights Action League, and National Organization for Women. The Court warned Plaintiff that failure to file proof of service by the deadline would result in dismissal as to those defendants [ECF No. 7].

Plaintiff thereafter filed a letter styled as an opposition to a motion to dismiss which Planned Parenthood had not yet filed [ECF No. 9]. He argued that the "defendant must first file its Answer and Answer [Plaintiff's] Interrogatories" before proceeding with a motion to dismiss [ECF No. 9]. Plaintiff also filed a motion for a default judgment as to Planned Parenthood [ECF No. 10]. Plaintiff did not, however, timely file a second amended complaint or proof of service on the non-appearing defendants in accordance with the Court's earlier Order. As such, Planned Parenthood filed its contemplated motion to dismiss the Amended Complaint in accordance with the Order [ECF No. 11]. The Court then received, via mail directly to Chambers, a submission that the Court construed as the Second Amended

3

Complaint [ECF Nos. 12, 13]. Specifically, Plaintiff mailed Chambers a four-page document [ECF No. 13]. The first page appears to be the case caption, the second page indicates that it is an amended pleading, the third page bears the heading "Motion For Default Judgment," and the fourth page is a copy of Plaintiff's earlier-filed proof of service on Planned Parenthood [ECF No. 13].

The Court issued an Order, dated October 3, 2023, addressing the aforementioned submissions [ECF No. 12 ("October 3, 2023 Order")]. After admonishing Plaintiff not to send materials directly to Chambers, the Court stated that, in light of the special solicitude afforded *pro se* plaintiffs, the Court would "accept" Plaintiff's untimely and improperly submitted Second Amended Complaint. October 3, 2023 Order at 1. The Court directed the Clerk of Court to file the Second Amended Complaint on the docket [ECF No. 13]. The Court warned Plaintiff, however, that he would not have another opportunity to amend in response to Planned Parenthood's motion to dismiss. October 3, 2023 Order at 2.

Having accepted the Second Amended Complaint as Plaintiff's operative pleading, the Court denied as moot Planned Parenthood's motion to dismiss the Amended Complaint. *Id.* The Court also denied Plaintiff's motion for a default judgment as to Planned Parenthood (which had appeared and was defending the case), citing Plaintiff's failure to obtain a Clerk's Certificate of Default and failure to comply with the Court's Individual Rules, among other reasons. *Id.* Finally, the Court dismissed the case as to the ACLU, National Abortion Rights Action League, and National Organization for Women for lack of service. *Id.* at 3.

The Second Amended Complaint [ECF No. 13 ("SAC")] lists the same purported "Class Action Plaintiffs" as the Amended Complaint. SAC at 1. It states that "Plaintiffs seek Damag[es] of $USD 1,000,000,000,000.00 plus interest" and costs in the amount of $10,000.00. SAC at 2. The Second Amended Complaint does not purport to allege any injury, it does not contain any factual allegations, and it does not repeat the assertions about abortion being unconstitutional that appeared in the Original Complaint and Amended Complaint.

4

Following the schedule set forth in the Court's October 3, 2023 Order, Planned Parenthood timely filed, on ECF, a motion to dismiss the Second Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted [ECF No. 14 ("Def. Mem.")]. In its short opening brief, Planned Parenthood points out that "the Second Amended Complaint fails to make any factual allegations at all" and that the Court has already warned Plaintiff that he will not have another opportunity to amend his pleading. Def. Mem. at 1, 3–4. As such, Planned Parenthood requests dismissal of this action with prejudice.

Plaintiff failed to file a timely opposition to the motion to dismiss. However, many months later, Plaintiff filed a motion to compel production of discovery materials and request for a trial date for a jury trial [ECF No. 15]. He later also filed a notice that his address had changed [ECF No. 16].

The Court denied Plaintiff's motion to compel and request for a trial date [ECF No. 17]. The Court explained that discovery was stayed pending resolution of the motion to dismiss and that it would be premature to set a trial date [ECF No. 17]. The Court also explained that Plaintiff had failed to file an opposition to the pending motion to dismiss and set a new deadline for him to do so [ECF No. 17]. The Court warned Plaintiff that "that failure to comply with this Order and the Federal Rules of Civil Procedure may result in sanctions" [ECF No. 17].

Thereafter, Plaintiff filed an opposition [ECF No. 18 ("Opp.")]. He argues only that "Defendants [sic] Motion to Dismiss should be denied because it never was served on me [at the time it was filed] and now its [sic] too late. If defendant[] replies it had a wrong address that's their problem and proves the incompetence of its lawyer." Opp. at 1. Plaintiff also filed another motion to compel discovery and requested "severe sanctions" on defense counsel for failing to serve him. Opp. at 2.

Planned Parenthood filed a short reply brief [ECF No. 19 ("Reply")]. It points out that Plaintiff has consented to electronic filings and that Planned Parenthood properly filed its motion to dismiss on ECF. Reply at 1. It adds that Plaintiff failed to oppose Planned Parenthood's argument that the Second

Amended Complaint fails to state a claim. *See* Reply at 1. Planned Parenthood asserts that Plaintiff's motion to compel and for sanctions "is baseless and should be denied." Reply at 1.

Plaintiff then filed, without having requested or received leave of the Court, an unauthorized, handwritten surreply and purported "Third Amended Complaint" [ECF No. 20 ("Surreply")]. The unauthorized Surreply begins, "I was never served." Surreply at 1. Next, it says, "I stated my cause of action: Constitutional civil rights. All 10 civil rights in the Bill of Rights." *Id.* The unauthorized Surreply also states, "Factual Allegations: 1 Billion Dead Bloody Babies[.] 4 Plaintiffs[.] A parade of witnesses[.] These are all factual allegations[.]" *Id.*[3]

The next page is labeled "Third Amended Complaint." *Id.* at 2. It bears a caption: "Walsh pro se et al Plaintiffs, v. Planned Parenthood Federation of America, and Planned Parenthood Global, Inc." *Id.* at 2. It says: "Seek Damages of $USD 1,000 Trillion . . . ."

## II.   LEGAL STANDARDS

### A. Pro Se Submissions

A district court is required to "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).[4] However, a court "cannot read into *pro se* submissions" allegations the pleading does not contain or arguments "the submissions themselves do not 'suggest.'"

---

[3] The final point of the handwritten Surreply appears to say, "My law licenses in New York[,] New Jersey[,] and Wisconsin are suspended." Surreply at 1; *see infra* n.4.

[4] Both sides seem to agree that Plaintiff is, or was, an attorney. *See* Reply at 2 n.2 ("Although he has appeared pro se in this action, upon information and belief, it appears Mr. Walsh is a trained attorney.") [ECF Nos. 19-1, 19-2, 19-3]; *see also* Opp. at 2 ("Submitted, Paul a.x. Walsh, *Esq.*) (emphasis added); *accord* Surreply at 1. As the Second Circuit explained in *McLeod*, "[t]he policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights *because of their lack of legal training*." *McLeod*, 864 F.3d at 156–57 (emphasis added) (quoting *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)). Nevertheless, here, the Court has afforded Plaintiff the full protections of a *pro se* litigant. Specifically, the Court accepted Plaintiff's untimely and improperly-submitted Second Amended Complaint and allowed Plaintiff to file a very belated opposition to the motion to dismiss [ECF Nos. 12, 17]. As set forth below, the Court also considers, and liberally construes, the contents of all of Plaintiff's pleadings, even though the Second Amended Complaint superseded his earlier-filed pleadings and the Court expressly warned Plaintiff that he could not amend further. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (explaining that an amended pleading "supersedes" and earlier pleading "and renders it of no legal effect"); October 3, 2023 Order (accepting the Second Amended Complaint as Plaintiff's operative pleading and warning him that he would not have another opportunity to amend).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). It is not the role of a court "to come up with novel claims on behalf of *pro se* litigants." *McLeod*, 864 F.3d at 158. Furthermore, although a district court must grant a *pro se* plaintiff special latitude, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law" or with the rulings and instructions of the district court. *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

    B. **Standing**

"The jurisdiction of the federal courts is limited to 'Cases' and 'Controversies.'" *Coalition for Competitive Electricity, Dynergy Inc. v. Zibelman*, 906 F.3d 41, 57 (2d Cir. 2018) (quoting U.S. Const. art. III, § 2). "There is no case or controversy unless a plaintiff has standing to challenge the defendant's conduct." *Id*. at 57–58. "The doctrine of standing . . . requires federal courts to satisfy themselves that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction.'" *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (emphasis in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Standing requires a plaintiff to show: (1) "that he . . . suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 585 U.S. 48, 65 (2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). An injury in fact "must affect the plaintiff in a personal and individual way." *Spokeo, Inc.*, 578 U.S. at 339. It cannot be harm "common to all members of the public." *United States v. Richardson*, 418 U.S. 166, 177 (1974). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc.*, 578 U.S. at 338. If a plaintiff lacks standing to bring a case, the court must dismiss the case for lack of subject matter jurisdiction. *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015).

    C. **Failure To State a Claim**

7

To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must "accept all factual allegations as true and draw all reasonable inferences in plaintiff's favor." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).  Mere "conclusions," however, "are not entitled to the assumption of truth." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 664).

### III. DISCUSSION

The Court must dismiss this case because, no matter how liberally the Court construes Plaintiff's various submissions, Plaintiff fails to establish standing to bring this action and fails to state any claim upon which relief may be granted.

The Second Amended Complaint is Plaintiff's operative pleading and, as such, the pleading that Planned Parenthood moves to dismiss. *See Pettaway*, 955 F.3d at 303; October 3, 2023 Order at 2; Def. Mem. at 1.  Nevertheless, in light of "the mandate to liberally construe *pro se* pleadings," the Court concludes that it is "appropriate to consider" all pertinent submissions by Plaintiff. *Acheampong v. United States*, 2000 WL 1262908 at *4 (S.D.N.Y. 2000); *accord Samuels v. Stone*, 1999 WL 624549, at *5 n.1 (S.D.N.Y. Aug. 17, 1999).  Thus, in deciding whether Plaintiff establishes standing and states a claim, the Court considers the contents of the Original Complaint [ECF No. 1], the Amended Complaint [ECF No. 3], the Second Amended Complaint [ECF No. 13], Plaintiff's Opposition [ECF No. 18], and his unauthorized Surreply and "Third Amended Complaint" [ECF No. 20].

**A. The Only Parties to this Action Are Walsh and Planned Parenthood.**

The Court notes, as an initial matter, that Plaintiff, Mr. Walsh, cannot bring suit on behalf of any of the other individuals and organizations he has purported to name as plaintiffs in his various pleadings. For example, Plaintiff listed a number of purported "Class Action Plaintiffs" in the Original Complaint, including "The Roman Catholic Church and its leader Pope Francis," "Cardinal Dolan of New York

8

City," a number of houses of worship of various different religions, "Donald and Melania Trump and their . . . Children," "all Citizens of the United States of America," all other nations, and "One Trillion Nameless Abortion Victims," among others. Cmpl. at 8. In all subsequent pleadings, Plaintiff named as purported Class Action Plaintiffs only "Saint Thomas More Church of which I am a Founding Member," Pope Francis, "the Good Shepard," and "the Catholic League of which I am a Donor." AC at 1; *accord* SAC at 1; *see also* Surreply at 1, 2.

As interpreted by the Second Circuit, however, the statute that governs appearances in federal court, 28 U.S.C. § 1654, allows only "two types of representation: '[1] that by an attorney admitted to the practice of law by a governmental regulatory body and [2] that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Here, as Plaintiff himself makes clear, "Walsh pro se" is representing himself. Surreply at 2. As such, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Murray v. City of New York*, 23-cv-458 (KPF), 2023 WL 2403748, at *1 (S.D.N.Y. Mar. 8, 2023) (alteration omitted) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008). Furthermore, a *pro se* plaintiff cannot act as a class representative. *See Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 470 (2d Cir. 2004); *Phillips v. Tobin*, 548 F.2d 408, 412–15 (2d Cir. 1976). Accordingly, Plaintiff cannot bring this action on behalf of any of other purported plaintiff or class.

In his Amended Complaint and subsequent pleadings, Plaintiff narrows the universe of purported class action plaintiffs from, among others, "all Citizens of the United States of America," all other nations, and "One Trillion Nameless Abortion Victims," Cmpl. at 8, to (1) "Saint Thomas More Church," (2) Pope Francis, (3) "the Good Shepard," and (4) "the Catholic League." AC at 1; *accord* SAC at 1; *see also* Surreply at 1, 2. Perhaps recognizing that he cannot simply file a lawsuit on behalf of any organization he likes, Plaintiff also asserts that he is a member of "Saint Thomas More Church" and a donor to the

9

Catholic League. *See* AC at 1; SAC at 1. Those assertions are not sufficient to allow Plaintiff to bring this action on behalf of the four purported "Class Action" plaintiffs he names in his amended pleadings. As explained above, a *pro se* plaintiff cannot "elect[] himself to represent" any other individual, or an organization, or a purported class. *Phillips*, 548 F.2d at 412. Moreover, even if Plaintiff were appearing in this action as an attorney admitted to the practice of law, there is no indication that any of the purported other plaintiffs ever agreed to be represented by him. Finally, to the extent that Plaintiff was gesturing at "associational standing" with respect to his church and the Catholic League, that doctrine governs when an organization may bring suit on behalf of its members or other individuals. *Disability Advocs., Inc. v. New York Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 152 (2d Cir. 2012).[5] The Court is not aware of any circumstance in which an individual may take it upon himself to bring suit on behalf of an organization merely because he is a member or a donor.

As such, the Court construes this action as asserting claims solely on behalf of Plaintiff, Mr. Walsh, and dismisses without prejudice all claims asserted on behalf of all others. In addition, as explained above in the Background of this Opinion, Plaintiff failed to serve, and file proof of service on, any defendant other than Planned Parenthood. *See* October 3, 2023 Order at 3. Accordingly, the only parties in this action are Plaintiff and Planned Parenthood.

## B. Plaintiff Lacks Standing.

Plaintiff fails, in any of his various pleadings, to establish standing to bring this action. Plaintiff seeks an order "outlaw[ing] all abortions in America," Cmpl. at 6, and one trillion dollars in damages, SAC at 2, Surreply at 2, plus interest and costs, SAC at 2. To establish standing, Plaintiff must allege facts showing that he has "such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Summers*, 555 U.S. at 493 (emphasis in original). He therefore

---

[5] The doctrine of associational standing, moreover, allows an organization to sue on behalf of its members only if one member of the organization has standing, *see NY Civil Liberties Union v. NYC Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2014), and, as explained below, Mr. Walsh does not have standing.

must allege an injury that he *personally* suffered. *See Spokeo, Inc.*, 578 U.S. at 339.

In the Original Complaint, Plaintiff asserts that his injury is the "Death of 1 Trillion Babies." Cmpl. at 6; *cf.* Surreply at 1 (asserting that "1 Billion Dead Bloody Babies" is a "factual allegation[]"). This is the only instance in which Plaintiff purports to identify any injury. The Amended Complaint does not mention any injury or contain any factual allegations. *See* AC at 1. Moreover, before Plaintiff filed the Second Amended Complaint, the Court expressly warned Plaintiff that he would have to "**establish his standing to sue, which means he must allege facts showing that (1) he personally suffered an injury**," as well as the other elements of standing [ECF No. 7]. Yet the Second Amended Complaint says nothing about an injury and simply requests damages. *See* SAC at 2.

Plaintiff's only asserted injury is not an "injury in fact" for purposes of standing. The asserted "Death of 1 Trillion Babies," Cmpl. at 6, is not an injury that Plaintiff himself suffered "in a personal and individual way," *Spokeo, Inc.*, 578 U.S. at 339. Indeed, by listing "all Citizens of the United States of America" as purported "Class Action Plaintiffs" in the Original Complaint, Plaintiff implicitly admits that his complaint concerns an asserted harm "common to all members of the public." *Richardson*, 418 U.S. at 177. As such, Plaintiff has failed to allege an injury in fact.

Plaintiff has the burden to allege each element of standing. *Spokeo, Inc.*, 578 U.S. at 338. Because he fails to allege "the first and foremost of standing's three elements," an injury in fact, Plaintiff fails to establish standing. *Id.* at 339 (brackets, internal quotation marks, and citation omitted). That Plaintiff, in the Original Complaint, purports to bring a class action on behalf of "One Trillion Nameless Abortion Victims," Cmpl. at 8, "adds nothing to the question of standing," *Spokeo, Inc.*, 578 U.S. at 338 n.6. As explained above, Plaintiff, who is proceeding *pro se*, cannot be a class representative. *See Phillips*, 548 F.2d at 412. Moreover, "even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class.'" *Spokeo, Inc.*, 578 U.S. at 338 n.6 (quoting *Simon v. Eastern Ky. Welfare Rights Organization*,

11

426 U.S. 26, 40, n.20 (1976)).

Because Plaintiff fails to allege an injury in fact, and thereby fails to establish standing, the Court need not proceed further with its standing analysis. *See id.* at 338–39. The Court simply notes that, with respect to traceability, Plaintiff's various submissions are wholly devoid of *any* allegations of *any* conduct by Planned Parenthood. As such, Plaintiff clearly fails to allege that any asserted injury is "traceable to" Planned Parenthood. *Id.* at 338. It is not the role of the Court to "read into [Plaintiff's] submissions" allegations of traceability they simply do not contain. *Triestman*, 470 F.3d at 477. Because Plaintiff lacks standing, the Court must dismiss this case, without prejudice, for lack of subject matter jurisdiction. *See Cortlandt St. Recovery Corp.*, 790 F.3d at 416–17.

### C. In the Alternative, Plaintiff Fails To State a Claim.

The Court lacks subject matter jurisdiction to resolve this case on the merits. *See id.* The Court merely observes, in the alternative, that, across all of his pleadings, Plaintiff fails to include *any* factual allegations to state a claim for relief. *See Lee v. Bd. of Governors of the Fed. Rsrv. Sys.*, 118 F.3d 905, 917 (2d Cir. 1997) (dismissing for lack of standing and "hold[ing] in the alternate that the petitions fail on their merits"). In the Original Complaint and the Amended Complaint, Plaintiff makes conclusory assertions that abortion is unconstitutional, but he does not allege any facts whatsoever. *See* Cmpl. at 9; AC at 1. The Second Amended Complaint simply requests damages without making any claims, much less alleging any facts. *See* SAC at 2. The Court cannot simply credit Plaintiff's legal conclusions about abortion. *Whiteside*, 995 F.3d at 321 (quoting *Iqbal*, 556 U.S. at 664).

As Planned Parenthood points out, in Plaintiff's Opposition brief, he does not argue that he alleges sufficient facts to state a claim. *See* Opp. at 1; Reply at 1. Rather, Plaintiff argues only that Planned Parenthood failed to properly serve him with its motion to dismiss, speculating that Planned Parenthood sent its motion to the wrong address. *See* Opp. at 1. However, Planned Parenthood filed its motion on ECF long after Plaintiff had filed a Consent To Electronic Service in which he acknowledged

12

his obligation to review the electronic docket for new filings. *See* Consent To Electronic Service ¶ 5. Moreover, ordinarily, a "plaintiff effectively concedes a defendant's arguments by his failure to respond to them." *Felske v. Hirschmann*, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012); *see Scott v. JPMorgan Chase & Co.*, No. 13-cv-646 (KPF), 2014 WL 338753, at *10 (S.D.N.Y. Jan. 30, 2014). As such, Planned Parenthood argues that Plaintiff conceded that he failed to state a claim. *See* Reply at 1.

In his unauthorized Surreply, Plaintiff first attempts to respond to the argument that he fails to state a claim. Plaintiff asserts that "1 Billion Dead Bloody Babies," "4 Plaintiffs," and a "parade of witnesses . . . are all factual allegations[.]" Surreply at 1. It was improper for Plaintiff to file his Surreply and purported Third Amended Complaint (which simply repeats his demand for an extraordinary sum of damages) without requesting, let alone receiving, leave of the Court. The Court had already given Plaintiff a long extension of time to file his first opposition to the motion to dismiss [ECF No. 17] and, having previously given Plaintiff ample opportunity to amend, had warned Plaintiff that he would not be permitted to amend his pleading further. *See* October 3, 2023 Order at 2. Plaintiff's "*pro se* status does not exempt [him] from compliance" with court orders. *Triestman*, 470 F.3d at 477 (quoting *Traguth*, 710 F.2d at 95). Nevertheless, in the interest of giving the *pro se* Plaintiff special solicitude, the Court will address his unauthorized Surreply. To rule that Plaintiff states a claim against Planned Parenthood, the Court would have to go far beyond liberal construction and "read into" Plaintiff's submission factual allegations about conduct *by Planned Parenthood* that Plaintiff's submissions simply do not contain. *Triestman*, 470 F.3d at 477. Plaintiff fails to allege any conduct by Planned Parenthood and, thus, fails to state a claim against Planned Parenthood.

The Court has already given Plaintiff ample opportunities to amend his pleading and has warned Plaintiff that he will not be granted further opportunities to amend. As such, the Court denies Plaintiff leave to amend his pleading further.

## IV. CONCLUSION

For the reasons set forth above, this case is DISMISSED without prejudice for lack of standing. The motion of Planned Parenthood to dismiss the case is GRANTED, and Plaintiff is DENIED leave to amend. The Clerk of Court is respectfully requested to terminate the motion at docket entry 14, mail this Order to Plaintiff, and close this case.

**SO ORDERED.**

Date: September 24, 2024
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**